UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAL J. CARDINALLI, | Case No.: 5:12-CV-06356-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| SUPERIOR COURT OF CALIFORNIA FOR THE COUNTY OF MONTEREY, a California State court, et al. | |
| Defendants. | |

Sal Cardinalli ("Plaintiff") brings this action against his two brothers, John Cardinalli, Jr. and Stephen Cardinalli; his father, John Cardinalli, Sr.[1]; his nephews Vincent Cardinalli and John T. Cardinalli III; the John T. Cardinalli, Jr. and Angela Cardinalli Living Trust and the Stephen P. Cardinalli and Francesca Cardinalli Living Trust; the Salinas Yellow Cab Co., LLC; and Yellow Cab, Monterey Airporter, Inc. (collectively, "Defendants") for declaratory relief, intentional interference with economic expectancy, conspiracy to defraud, and fraudulent conveyance.  ECF

---

[1] John Cardinalli Sr. is in his nineties and suffering dementia.  As a result, John Cardinalli Sr. is not aware of this suit.

1

Case No.: 5:12-CV-06356-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

United States District Court
For the Northern District of California

No. 1 ("Compl.") at ¶¶ 7–8, 10, 40–58.[2] In addition, Plaintiff brings claims against John Cardinalli, Jr.; Stephen Cardinalli; and John Cardinalli, Sr. for partition of real property and unpaid reasonable rental value of property. Compl. at ¶¶ 59–72. Before the Court is Defendants' Motion to Dismiss under Rule 12(b)(1) and 12(b)(6). *See* ECF Nos. 22 ("Mot."), 26 ("Opp'n"), 29 ("Reply"). For the reasons stated herein, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's complaint with leave to amend.

## I. BACKGROUND

This case arises out of a dispute about a family business. In 1976, Plaintiff Sal Cardinalli and Defendants John Cardinalli, Jr.; Stephen Cardinalli; and John Cardinalli, Sr. purchased Monterey Checker Transportation, Inc. ("MCT"), a Monterey-based taxicab company. Compl. at ¶ 17; Mot. at 3. Each party owned a twenty-five percent share of MCT. Compl. at ¶ 17; Mot. at 3. Plaintiff alleges that, beginning in September 2002, Defendants froze Plaintiff out of "any meaningful participation in the management, operation, control, or rental" of MCT and its related real estate. Compl. at ¶ 61. Plaintiff claims, for example, that Defendants have allowed taxicabs to dump toxic waste on the real estate owned by MCT and have refused to pay Plaintiff rental payments owed to Plaintiff as part of his share in MCT despite Plaintiff's "demand[s] that he be afforded the rights and privileges of an owner." Compl. at ¶¶ 61–62, 64, 68.

In October 2004, Plaintiff brought a state court action against MCT, Defendants John Cardinalli and Stephen Cardinalli, their wives, and New Hope, Inc. for declaratory relief, accounting, partition, breach of fiduciary duty, and an allegation for the involuntary dissolution of the corporation. *Cardinalli v. Cardinalli*, H032309, 2010 WL 5176852 at *1–2, 4 (Cal. Ct. App. Dec. 21, 2010) (unpublished). On March 26, 2007, the state court found for Plaintiff as to his involuntary dissolution claim but denied his remaining claims. *Id.* at *1. In particular, the court

---

[2] Michael Cardinalli; Yellow Cab of Monterey County, LLC; the Superior Court of California for the County of Monterey; and the United States Bankruptcy Court for the Northern District of California are no longer defendants in this case. *See* ECF Nos. 16, 24.

2

Case No.: 5:12-CV-06356-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

ordered that Plaintiff's twenty-five percent share in MCT be liquidated and that Plaintiff be reimbursed for $283,750. Compl. at ¶¶ 18–19. The California Court of Appeal affirmed this decision on December 21, 2010. *Cardinalli*, 2010 WL 5176852 at *15. The judgment became final in March 2011. Compl. at ¶ 20; Mot. at 4.

Two months after the state court's judgment became final, MCT filed for Chapter 11 bankruptcy. Compl. at ¶ 23(d). MCT's filing for Chapter 11 bankruptcy triggered an automatic stay as to all litigation concerning MCT's debts, so Plaintiff could not sue MCT to collect his state court judgment. Compl. at ¶ 23(*l*); *see In re Palmdale Hills Prop., LLC*, 423 B.R. 655, 663 (B.A.P. 9th Cir. 2009) *aff'd*, 654 F.3d 868 (9th Cir. 2011) ("The filing of a bankruptcy petition creates a bankruptcy estate, which is protected by an automatic stay of actions by all entities to collect or recover on claims."). Plaintiff therefore moved to dismiss the bankruptcy petition "on the ground of fraud" and for "substantive consolidation." Compl. at ¶ 31. The bankruptcy court denied both of Plaintiff's motions. Compl. at ¶ 31. Subsequently, Plaintiff and MCT stipulated to convert the Chapter 11 reorganization to a Chapter 7 liquidation. *In re Monterey Checker Transportation, Inc.*, No. 11-54837, ECF No. 49 (Bankr. N.D. Cal. Sept. 21, 2011). The bankruptcy court granted the stipulation. *In re Monterey Checker Transportation, Inc.*, No. 11-54837, ECF No. 50 (Bankr. N.D. Cal. Oct. 13, 2011). Plaintiff then entered into a stipulation with the trustee overseeing MCT's Chapter 7 liquidation to lift the automatic stay as to the Defendants so that Plaintiff could file an action against Defendants in state court. *In re Monterey Checker Transportation, Inc.*, No. 11-54837, ECF No. 76 (Bankr. N.D. Cal. May 25, 2012); Compl. at ¶ 32. The bankruptcy court granted this stipulation to lift the automatic stay. *In re Monterey Checker Transportation, Inc.*, No. 11-54837, ECF No. 81 (Bankr. N.D. Cal. May 30, 2012). The bankruptcy court found that Plaintiff's state law claims against Defendants "[did] not in any way effect [sic] the bankruptcy proceedings." *Id*. at 3.

3

Case No.: 5:12-CV-06356-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

1    Plaintiff filed an action in the Superior Court of Monterey County in April 2012. Compl. at ¶ 33. Plaintiff alleged eleven claims including conspiracy to defraud, intentional interference with economic expectancy, and partition of real property. Mot. at 4–5. The state court dismissed all eleven of Plaintiff's claims and denied Plaintiff leave to amend for all of his claims except for conspiracy to defraud.[3] Compl. at ¶ 35. Plaintiff then filed a motion for reconsideration, which the court denied. Compl. at ¶¶ 36–37. Finally, the court dismissed Plaintiff's first amended complaint without leave to amend as to all eleven of Plaintiff's causes of action. Compl. at ¶ 37. Plaintiff appealed the trial court's judgment to the California Court of Appeal, where the action is now pending. Mot. at 5.

After receiving decisions from the bankruptcy court and state trial court, Plaintiff filed the instant case in this Court on December 14, 2012, alleging state law claims to "hedge his bets" against an adverse ruling by the Court of Appeal. Opp'n at 6. Defendants move to dismiss Plaintiff's complaint due to lack of subject matter jurisdiction and for failure to state a claim. Mot. at 7–11. Plaintiff filed an opposition, ECF No. 26, and Defendants filed a reply, ECF No. 29.

## II.  LEGAL STANDARD

### A.  Rule 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction will be granted if the complaint on its face fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). In considering a Rule 12(b)(1) motion, the Court "is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual

---

[3] Plaintiff requests that this Court take judicial notice of various documents in the state court action. ECF No. 25. Defendants have not opposed this request. The Court GRANTS this request for judicial notice. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of documents in a state court action).

4
Case No.: 5:12-CV-06356-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). Once a party has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden of establishing the court's jurisdiction, *see Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010), by putting forth "the manner and degree of evidence required" by whatever stage of the litigation the case has reached, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

### B. Leave to Amend

If the Court determines that the complaint should be dismissed, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "should be freely granted when justice so requires," bearing in mind that "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted). Nonetheless, a court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party. . . , [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (alterations in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### III. DISCUSSION

Defendants contend that this Court lacks subject matter jurisdiction over Plaintiff's complaint. Mot. at 6–11. Plaintiff's contention is that this Court has subject matter jurisdiction because Plaintiff's state law claims are "related to" MCT's bankruptcy proceeding and therefore this Court has jurisdiction under 28 U.S.C. § 1334(b).[4] Compl. at ¶¶ 2, 41, 43–44; Opp'n at 11–15. The Court finds that Plaintiff has not adequately alleged subject matter jurisdiction.

---

[4] Plaintiff also suggests that the Court may have federal question jurisdiction under 28 U.S.C. § 1331. This contention lacks merit. Plaintiff alleges six causes of action: (1) declaratory relief to establish jurisdiction , (2) intentional interference with economic expectancy, (3) conspiracy to

5
Case No.: 5:12-CV-06356-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

Pursuant to 28 U.S.C. § 1334, federal district courts have original, non-exclusive jurisdiction over claims that are "related to cases under title 11." 28 U.S.C. § 1334(b). To establish subject matter jurisdiction under Section 1334(b), Plaintiff needs to demonstrate that his state law claims against Defendants are "related to" MCT's Chapter 7 bankruptcy. In the Ninth Circuit, a non-bankruptcy proceeding is "related" to a bankruptcy proceeding if the non-bankruptcy proceeding "could conceivably have any effect on the estate being administered in bankruptcy," such that "the outcome [of the non-bankruptcy proceeding] could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). Moreover, "related to" jurisdiction is not as broad in a Chapter 7 liquidation proceeding as in a Chapter 11 reorganization proceeding. *Bankr. Estate of Leachman v. Harris*, No. 12-CV-4072, 2013 WL 428572 at *6 (N.D. Cal. Feb. 1, 2013) (citing *Celotex Corp. v. Edwards,* 514 U.S. 300, 309 (1995)).

The Court finds that Plaintiff cannot establish that his state law claims are "related to" MCT's bankruptcy proceedings. The bankruptcy court's order lifting the automatic stay against Defendants is instructive.[5] After reviewing Plaintiff's state law complaint, the bankruptcy court

---

defraud, (4) fraudulent conveyance, (5) partition of real property, (6) claim for unpaid reasonable rental value of property. Compl. at ¶¶ 40–72. Five of these causes of action are California state law claims, which do not raise a federal question. The claim for declaratory relief does not confer jurisdiction. "The declaratory judgment statute, 28 U.S.C. § 2201, does not create an independent basis for federal jurisdiction." *Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980). The Court finds that no federal question underlies Plaintiff's declaratory relief cause of action. Further, Plaintiff's contention that his due process rights would be violated if this Court did not exercise jurisdiction is frivolous and insufficient to confer jurisdiction. *See Hoye v. Sullivan*, 985 F.2d 990, 991-92 (9th Cir. 1993) (holding that non-colorable constitutional arguments are not sufficient to confer subject matter jurisdiction).
[5] This is particularly important in light of the fact that this Court would refer this case to the bankruptcy court if this Court were to find "related to" subject matter jurisdiction. In this district, "all cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the Bankruptcy Judges . . . except as [otherwise] provided." B.L.R. 5011-1.

6

Case No.: 5:12-CV-06356-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

found that Plaintiff's state law claims against Defendants "[do not] affect the administration of [MCT's] Bankruptcy in any manner … [and] will not in any way effect [sic] the bankruptcy proceedings." *See In re Monterey*, ECF No. 81 at 3. The bankruptcy court also noted that "Monterey Checker Transportation, Inc's interests and damages are separate and apart from Plaintiff's interests and damages." *Id*. Based on these reasons, the bankruptcy court allowed Plaintiff to sue Defendants in state court. The same considerations are relevant here, especially in light of the fact that the automatic stay (that the bankruptcy court lifted) and Section 1334(b) have the same purpose, diminishing the risk of creditors unfairly collecting from the debtor outside of bankruptcy proceedings. *See Boucher v. Shaw*, 572 F.3d 1087, 1093 (9th Cir. 2009) (plaintiff's claim was not "related to" bankruptcy proceeding because it was not an "alternative route to recoup property of the estate"); *see also* H.R. Rep. 95-595, 49, 1978 U.S.C.C.A.N. 5963, 6010 (the purpose of Section 1334 is to eliminate "forum shopping . . . and the dissipation of assets and the expense associated with bifurcated jurisdiction . . . ."); *In re Pro-Fit Holdings Ltd.*, 391 B.R. 850, 862 (Bankr. C.D. Cal. 2008) (one of the main purposes of automatic stay is to prevent creditors from unfairly recovering from the debtor by filing first in court).

MCT is not a defendant in Plaintiff's state court action, and Plaintiff does not name MCT as a defendant in the instant case. Plaintiff has not alleged that Defendants will be indemnified by MCT if Plaintiff prevails on his state law claims or in the instant case. Plaintiff has not shown that the outcome of his claims against Defendants will affect MCT's bankruptcy estate or the administration of MCT's liquidation proceeding. Accordingly, Plaintiff's claims are unrelated to MCT's bankruptcy.

Because Plaintiff has not pleaded that his state law claims against Defendants have any effect on MCT's bankruptcy proceeding, Plaintiff's claims lack "related to" jurisdiction under Section 1334, and thus the Court lacks subject matter jurisdiction in this case. *See Kokkonen*, 511

7
Case No.: 5:12-CV-06356-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND

1 U.S. at 377 (party asserting subject matter jurisdiction bears the burden of establishing subject
2 matter jurisdiction).[6]

### III. CONCLUSION

Because Plaintiff does not provide adequate grounds to establish federal subject matter jurisdiction, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's complaint pursuant to Rule 12(b)(1). Under Rule 15(a), leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). Because none of these conditions is met, the Court finds it appropriate to grant Plaintiff leave to amend its complaint and plead additional facts that go to subject matter jurisdiction. Any amendment to the complaint must be filed by December 1, 2013. Failure to cure deficiencies identified in this Order will result in the dismissal of these claims with prejudice. No new causes of action or parties may be added without leave of the Court or stipulation by the parties pursuant to Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

Dated: November 7, 2013

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

---

[6] Plaintiff expresses concern that if this Court finds that it lacks jurisdiction over Plaintiff's causes of action, that will leave Plaintiff without a forum to substantively adjudicate his claims because the state court found that the federal court had exclusive jurisdiction over Plaintiff's claims. Opp'n at 10-11. This Court does not find Plaintiff's claim persuasive. Plaintiff has not demonstrated that the state court dismissed Plaintiff's claims on jurisdictional grounds. Rather, the state court documents in the record demonstrate that Plaintiff's claims were dismissed on the merits. *See* ECF No. 25 at 28 (dismissing several of Plaintiff's causes of action on res judicata grounds).